**JONES et v FARMER**

Ohio Appeals, 2nd Dist, Franklin Co

No 2087. Decided Oct 20, 1931

J. E. Todd, Columbus, for plaintiffs in error.

Messrs. Knepper, White, Smith & Dempsey, Columbus, for defendant in error.

KUNKLE, J.

The work in question was performed under a written contract. The contract was introduced in evidence and was before the court and jury.

Paragraph 6 of the contract provides:

"That if it is desired by parties of the first part after reaching the Clinton sand · to drill further to the Trenton rock, a total distance of approximately 1800 feet, party of the second part will proceed to drill to the Trenton rock at the same price per foot drilled and under the same terms and conditions as applicable to the drilling to the Clinton sand."

Counsel for plaintiffs in error contend that the trial court erred in its charge to the jury upon this phase of the contract; that the expression used in the contract to the effect that defendant in error should drill "to the Trenton rock" implied not merely that the defendant in error would drill to said Trenton rock but that he should explore the same for the purpose of determining whether such rock was oil bearing.

The court charged the jury as follows:

"Now in order to complete the well he was bound to drill to the Trenton rock, whether it was 1750 feet or 1850 feet or some distance approximating 1800 feet. That does not mean that when the well is down 1800 feet it is completed; but it must be drilled to the Trenton rock if the Trenton rock is within any reasonable distance of 1800 feet. It is therefore for the jury to determine from the evidence whether this well was drilled to the Trenton rock or a distance approximating or within reasonable amount of 1800 feet. If it was, then the well was completed, and if the well was completed and these tools taken out, the plaintiff is entitled to a verdict at your hands, whether a supplemental agreement was made or not."

At the conclusion of the court's charge, counsel for plaintiffs in error requested the court to charge that the express condition in the contract as to the Trenton rock means such a distance as will enable the defendants to explore the Trenton rock.

Counsel for plaintiffs in error in their brief insist that the term "to the Trenton rock" means not only that the Trenton rock should be reached but that the same should be explored for the purpose of determining whether or not oil could be secured therein.

It is admitted that the defendant in error drilled to the Trenton rock. He claims that he drilled some 350 feet into the Trenton rock. Plaintiffs in error claim that he only drilled some 15 feet into the Trenton rock.

We can not escape the conclusion but that the charge of the trial court upon the proposition in question was correct. There is no claim made in the pleadings about any custom which would explain or vary the meaning of the precise language used in the contract.

Present counsel for plaintiffs in error also suggest the unfavorable condition under which one of the plaintiffs in error, viz: Mr.

Davis, proceeded to trial. The suggestion is that present counsel personally represented Mr. Davis and was unable to be present and assist in the trial and that the trial proceeded without his presence. An examination of the bill of exceptions shows that Mr. Davis was present and testified at the trial and the bill of exceptions does not show any request upon his part to postpone the hearing of the case until the presence of his personal counsel could be secured.

We have examined all the errors urged by counsel for plaintiffs in error, but finding no error in the record which we think would justify a reviewing court in disturbing the verdict of the jury, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.